28459.   GENTRY *v.* THE STATE.

DECIDED OCTOBER 1, 1940.

*Henry L. Barnett,* for plaintiff in error:

*J. H. Paschall, solicitor-general,* contra.

GARDNER, J.   The second count of the indictment on which the defendant was convicted alleged that he did "have, control, possess, conceal, store, and convey vinous, malt, alcoholic distilled and spirituous liquors and beverages, as defined by the act of the General Assembly of Georgia, approved February 3, 1938, upon which the State tax and license fee due the State of Georgia had not been paid, and which did not bear the tax stamp required by the act of the General Assembly of Georgia approved February 3, 1938." Before pleading to the merits the defendant filed demurrers which he denominated a general demurrer and special demurrers to count 2 of the indictment. The general demurrer, which the court overruled, alleged in substance that the indictment was insufficient in law to charge an offense against the defendant. No exception was

preserved to the order overruling the general demurrer. The special demurrer attacked the indictment for charging the defendant with the possession of certain beverages, the possession of which is not penal under the statute relating to tax on intoxicating liquors. It will be observed from reading the allegations of the indictment that this is true. The only liquors charged in the indictment, the possession of which is made criminal under the statute for not having paid the tax, are "alcoholic distilled and spirituous liquors." The judge overruled the general demurrer, and sustained the special demurrer in a judgment namely: "Upon consideration the within demurrer is sustained as to all beverages except distilled intoxicating liquors, viz. whisky. The remainder of said demurrer is overruled." It is well established in this and other jurisdictions that an indictment can not be materially amended by striking from or adding to its allegations, except by the grand jury, and only before it is returned into court. It is bad practice for the court to do either; and if such additions or subtractions materially affect the indictment, it becomes void and can not be the basis of a conviction. In this connection see *Brooks* v. *State,* 178 *Ga.* 784 (3) (175 S. E. 6) ; *Goldsmith* v. *State,* 2 *Ga. App.* 283 (58 S. E. 486) ; *Hill* v. *State,* 41 *Ga.* 484, 501.

The sustaining of a special demurrer, the result of which is either to strike from or add to the material allegations of an indictment, is equivalent to sustaining a general demurrer and quashing the indictment. But in this case that which was stricken was not material to the charge of possessing tax-unpaid "alcoholic distilled and spirituous liquors," and neither does the wording of the order, "viz. whisky," add anything material to the allegations in the indictment. It is a matter of common knowledge that alcoholic distilled and spirituous liquor is whisky, and striking the references to the other beverages, the possession of which the law does not prohibit, was merely stripping the indictment of surplusage.

The attack on the failure to charge to the jury certain things, in the absence of special requests so to charge, has no merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*