### 47541.   WILLIAMS et al. v. THE STATE.

SUBMITTED OCTOBER 5, 1972—DECIDED OCTOBER 23, 1972.

*A. Quillian Baldwin, Jr., Charles E. Solomon, Jr.,* for appellant.

CLARK, Judge. Are shoes per se a deadly weapon? That question is here propounded where the prosecuting witness was in a scuffle with several individuals during which he lost his footing due to the slipperiness of his new boots and then while on the ground was allegedly kicked by the two defendants.[1]

■ This question arises for the first time in Georgia because our new Criminal Code[2] created a felony known as "Aggravated Assault" the pertinent portion reading "A person commits aggravated assault when he assaults . . . (b) with a deadly weapon." *Code Ann.* § 26-1302. The indictment here charged defendants as having committed this offense "with certain shoes, deadly weapons . . ."

Under a similar statute the Supreme Court of Florida said in Bass v. State (Fla.), 172 S. 2d 614, 617 (1965): "Shoes come in all shapes, sizes, forms and materials—from the delicate creations of silk and leather, or satin and plastic (so dear to the hearts of the ladies), to the cleated, hob-

---

[1] It was coincidental that this altercation occurred outside of a shoe store.

[2] Its history and the important part played in this progressive legislation by the State Bar of Georgia is related in "The Proposed Criminal Code of Georgia" by T. T. Molnar (3 Ga. B. J. 145 (Nov. 1966)) and "An Introduction to Georgia's New Criminal Code" by James C. Quarles (5 Ga. B. J. 185 (Nov. 1968)).

nailed, iron-toed boots and clodhoppers of the lumberjack, or the sharp-toed, leather-heeled boots of the cowboy—any one of which may be capable of inflicting grievous bodily harm or death. The records of medical science are replete with case histories of persons being seriously wounded or killed after being struck by the high heel of a woman's shoe, or having the 'boot put to him' by a strong man. It is a jury question as to whether or not a shoe or boot constitutes a deadly weapon, under all the circumstances surrounding the shoe or boot, its size, weight and construction, and the manner in which it was used." Cases holding similarly are Medlin v. United States (1953) 207 F2d 33 (93 App. D. C. 64), cert. den. 347 U. S. 905 (74 SC 431, 98 LE 1064); United States v. Barber (1969, D. C. Del.) 297 FSupp. 917; State v. Bradley (1962) 254 Iowa 211 (116 NW2d 439), app. dismd. and cert. den. 374 U. S. 490 (83 SC 1886, 10 LE2d 1047); Jones v. Commonwealth (1953, Ky.) 256 S. W. 2d 520; State v. Born (1968) 280 Minn. 306 (159 NW2d 283, 33 ALR3d 919); State v. Mathis (1968, Mo.) 427 S. W. 2d 450; Smith v. State (1944) 79 Okla. Crim. 151 (152 P2d 279); Pettigrew v. State (1967, Okla. Crim.) 430 P. 2d 808; and Hay v. State (1968, Okla Crim.) 447 P. 2d 447.

Capable counsel for the defendants submitted to trial Judge Hon. Lamar Knight a request which met with his approval and which we quote herein for the guidance of the bench and the bar: "I charge you that our law provides that a person commits aggravated assault when he assaults another with a deadly weapon. I charge you further, ladies and gentlemen of the jury, that the shoe-clad foot used in the act of kicking or stomping of a person is not a deadly weapon per se but may or may not be a deadly weapon, depending upon the circumstances of the case; that is, the size and weight of the shoe used, the manner in which the shoe was used to kick, and the extent of the injuries to the person attacked. Therefore if you determine from the facts presented in this case that the defendants did kick and stomp Policeman Carmack as alleged in the indictment, then the issue for you to determine is whether the shoes on

the defendants' feet used by them in kicking the prosecuting witness constituted deadly weapons within the meaning of the statute.

"I charge you further that, if you determine from the circumstances of the case, that is, the size and weight of the shoe used, the manner in which the shoe was used to kick, and the extent of the injury to the person attacked, that the shoes on the defendants' feet were deadly weapons within the meaning of the statute, then you may find the defendants guilty of aggravated assault. But, if under the circumstances of this case you determine that the shoes on the defendants' feet were not deadly weapons, then you may not find the defendants guilty of aggravated assault, even though they may have in fact kicked the prosecuting witness."

■ Since it is a fundamental principle that "in criminal cases the law requires that the State shall prove all the essential facts entering into the description of a crime" (*Conyers v. State,* 50 Ga. 103, 105), it is necessary for the State to show the footgear used had the capability of producing bodily injury considering the manner in which it was used. Accordingly, the evidence should show the circumstances surrounding the shoe such as its type, weight and construction, the manner in which the foot was used to kick, the nature of the injuries received, the number of times victim was kicked and the degree of force used. 33 ALR3d 922. As the evidence produced by the State through its single prosecuting witness failed to show any of these details that would make the shoe a "deadly weapon", the State failed to carry the burden of proving beyond a reasonable doubt the material allegations in the indictment.

■ It should be noted the trial judge properly recognized that the evidence in this case warranted inclusion of a charge on the lesser offense of "simple battery" (*Code Ann.* § 26-1304). "Simple battery" is a misdemeanor whereas "aggravated assault" is a felony subject to imprisonment for not less than 1 nor more than 20 years.

■ Since the jury's verdict was conviction of the greater offense on which the State failed to prove every material

fact of the indictment the motion for new trial should have been granted.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*