## 48482. QUARLES v. THE STATE.

Quillian, Judge. The defendant, appellant here, along with a co-defendant was tried on a two-count indictment for aggravated assault of two named individuals and was convicted by the jury. From the sentence entered upon the jury's verdict, the defendant appeals to this court. *Held:*

1. It is contended that the trial judge erred in overruling the defendant's motion to quash the indictment. The motion was predicated on the ground that the indictment included two entirely separate and distinct crimes and was hence not sustainable.

In *Webb v. State,* 177 Ga. 414 (170 SE 252), the Supreme Court held that an indictment was not subject to demurrer which sought to join "in five separate counts, five separate and distinct criminal charges and transactions involving distinct and separate offenses alleged to have been committed at separate and distinct times and against separate and distinct persons or individuals." *Ivester v. State,* 75 Ga. App. 600 (2) (44 SE2d 61); *Pippin v. State,* 205 Ga. 316 (2) (53 SE2d 482). For later cases upholding the propriety of charging separate crimes in separate counts of the indictment, see *Wells v. State,* 126 Ga. App. 130, 132 (190 SE2d 106); *Edwards v. State,* 226 Ga. 811 (1) (177 SE2d 668); *Steele v. State,* 227 Ga. 653, 658 (182 SE2d 475); *Wingfield v. State,* 231 Ga. 92 (200 SE2d 708). As pointed out in *Loftin v. State,* 230 Ga. 92, 93 (195 SE2d 402), § 26-506 of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1267) requires a single prosecution for multiple offenses involving the same conduct. After an exhaustive review of cases under the former law and considering the effect of Code Ann. § 26-506, the Supreme Court held it was not error to try separate offenses together where they were part of a single transaction. *Henderson v. State,* 227 Ga. 68, 72 (179 SE2d 76). This enumeration of error is without merit.

2. It is also urged that the indictment charges the aggravated assault was committed by the use of "fists" which are not a dangerous weapon and that there is no evidence to sustain the count of the indictment so alleging.

We recognize that fists per se are not a deadly weapon within the meaning of § 26-1302 of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1280). Nevertheless, they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc. See *Finch v. State,* 98 Ga.

App. 480 (106 SE2d 86); *Wright v. State,* 168 Ga. 690, 694 (148 SE2d 731). As brought out in the recent case of *Williams v. State,* 127 Ga. App. 386 (193 SE2d 633), whether the instrument used constitutes a deadly weapon is properly for the jury's determination. In this case from the evidence adduced, we cannot hold as a matter of law, that the fists used to inflict the wounds on the two named individuals were not deadly weapons. Hence, there is no basis to reverse the jury's verdict.

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED JANUARY 9, 1974 — REHEARING DENIED FEBRUARY 4, 1974 — 

*Lawson E. Thompson,* for appellant.
*Kenneth E. Goolsby, District Attorney,* for appellee.