## 54486. WILLIAMS v. THE STATE.

QUILLIAN, Presiding Judge.
   Defendant appeals his conviction of two counts of cruelty to children, ages 4 and 7. The first witness for the state, Judy Thornton, age 8, was questioned extensively by the trial court and counsel, but was not permitted to testify as the court ruled she did not understand the

nature of an oath.

The state then called her mother, Nancy Bishop, who was permitted to testify — over objection, as to what Judy had told her on Monday about the events that occurred on the previous Saturday, when the alleged assaults took place. *Held:*

1. The court admitted the child's testimony to the mother as part of the res gestae. The Georgia Code describes res gestae as "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought. . ." Code § 38-305. American Jurisprudence refers to " 'res gestae' or 'spontaneous exclamations' " as "one of its exceptions to the hearsay rule. . ." 29 AmJur2d 769, Evidence, § 708. Corpus Juris, on the other hand, admits "res gestae" is almost incapable of any precise definition but is generally used "as meaning the circumstances, facts, and declarations which grow out of the main fact and serve to illustrate its character and which are so spontaneous and contemporaneous with the main fact as to exclude the idea of deliberation or fabrication." 31A CJS 979, Evidence, § 403 (1).

Professor Green, in his treatise on the Georgia Law of Evidence, divided res gestae into three categories: (1) excited utterances or spontaneous declarations, (2) declarations or physical feelings, pain, suffering, etc., and (3) declarations of state of mind, motive, intention, etc. Id., p. 584, § 287. We will apply these tests to the facts of this case.

The alleged assaults occurred on Saturday evening when the mother and her "boyfriend" went to the movies and left her three children under the supervision of the defendant — who also lived in the same house. Upon their return from the movies, the defendant stated that "he had done enough damage." They did not question him but examined the children and discovered bruises and marks on the two smaller children. The mother stated that she talked to the children that night, the next day, and the following Monday, but "they would say nothing." In response to the question: "What did they say when you made the inquiry?" She testified: "They just wouldn't say anything. Q. Would they respond to your questions at all?

A. They wouldn't even answer me."

It is clear that the statement of the child to her mother almost two days following the alleged assaults was not an excited utterance or a spontaneous declaration. Neither were they "declarations" of feelings, pain, suffering, state of mind, motive, or intention. In fact they do not qualify as a "declaration," and they cannot be said to be "spontaneous" or "contemporaneous" with the main event—particularly when the statement was made in response to repeated questions after a period of nearly two days.

Another criterion is not met. Professor Green also believes that "[o]nly the spontaneous declarations which spring out of the startling event are admissible. [But] [n]arrative statements of the history of the event, usually made after the declarant has had time to reflect on the occurrence, are not admissible." Green, The Georgia Law of Evidence 590, § 292. The statement of the child in this instance was a narrative of the earlier event, thus was inadmissible. *Flanigan v. Reville,* 107 Ga. App. 382 (4) (130 SE2d 258); *Fender v. City of Jesup,* 124 Ga. App. 833 (3) (186 SE2d 348).

The age of the child does not present a problem to either side. Even though the child is too young to be a competent witness this would not preclude admission of her declaration as part of the res gestae, if otherwise admissible. *Robinson v. State,* 232 Ga. 123, 130 (205 SE2d 210). Nor would the fact that the declarant is a child of tender years, standing alone, free such statements from suspicion of device or afterthought. *Stamper v. State,* 235 Ga. 165, 170 (219 SE2d 140). As the statement of the child was not part of the res gestae, it was hearsay and because it was extremely inculpatory of defendant, it was error to admit the statement. *Stamper v. State,* 235 Ga. 165, 170, supra.

2. Next we turn to the issue of whether the admission of the hearsay statement of the child, through the mother, requires reversal. The next oldest child, Tammy, 7 years of age, was qualified as a witness and testified that defendant whipped her and her younger sister with his hand and with a belt. Also that he tied her feet and hands to the bed. This testimony is substantially

cumulative of the statement of her older sister.

The state also produced a statement made by the defendant after being warned of his Miranda rights, to a policeman in which he said: "I didn't realize I had hit them that hard." Another statement was made by the defendant to the polygraph examiner, after being advised of his rights, and prior to being connected to the machine, which substantiated that he did spank the child and use his belt on the older one.

Under the circumstances of this case, admission of the statement of the daughter through the mother was not harmful error as other legally admissible evidence of the same facts renders harmless admission of the incompetent evidence. *Robinson v. State,* 229 Ga. 14, 16 (1) (189 SE2d 53). Where such evidence is cumulative and not essential to the state's case it could not have materially affected the verdict (*Glass v. State,* 235 Ga. 17, 19 (218 SE2d 776)), and thus it is "highly probable" that the error did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

3. The defendant was charged with two counts of aggravated assault upon two of the three children left in his custody by the mother when she went to the movies with her boyfriend. The state requested a charge upon cruelty to children, alleging it was a lesser included charge and "the wording of the indictment [was] drawn as to encompass the element of putting him on notice, this is a small child under the age of eighteen, under the wording and under the language of cruelty to children, 26-2801."

The defendant objected on two grounds. First, it was not a lesser included offense and secondly, the "cruelty to children statute is unconstitutional. It is far too vague. . . and violates the 14th Amendment of the U. S. Constitution."

Treating the issues in reverse order, the question of constitutionality of this statute — on the ground of vagueness, has been decided adversely to defendant in *Davis v. State,* 234 Ga. 730 (6) (218 SE2d 20).

A defendant may be convicted of a crime included in the offense charged in the indictment. The crime is a lesser included offense: "(a) It is established by proof of the same or less than all the facts or a less culpable mental

state than is required to establish the commission of the crime charged, or (b) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Criminal Code of Georgia § 26-505 (Code Ann. § 26-505; Ga. L. 1968, pp. 1249, 1267).

Aggravated assault is committed when a person "assaults (a) with intent to murder, to rape, or to rob, or (b) with a deadly weapon." Criminal Code of Georgia § 26-1302 (Code Ann. § 26-1302; Ga. L. 1968, pp. 1249, 1280). Cruelty to children may be committed by "[a] parent, guardian, or other person supervising the welfare of or having immediate charge or custody of a child under the age of 18 . . . when he wilfully deprives the child of necessary sustenance or maliciously causes the child cruel or excessive physical or mental pain." Criminal Code of Georgia § 26-2801 (Code Ann. § 26-2801; Ga. L. 1968, pp. 1249, 1322).

In this case the aggravated assault was alleged in the indictment under subsection (b) of Code Ann. § 26-1302, i.e. "commit an assault upon [the victim] . . . by striking and beating the said [victim] with his hands, a belt and a stick, the same being deadly weapons. . ." Cruelty to children, which requires only "maliciously [causing] the child cruel or excessive physical . . . pain" under the facts of this case, could be a lesser included crime under subsection (b) of Code Ann. § 26-505 as it differs from the crime charged only in that it is "a less serious injury or risk of injury to the same person. . .[and involves] a lesser kind of culpability. . ." if other requisites are present.

In *Gearin v. State,* 127 Ga. App. 811 (195 SE2d 211), this court held that "[t]he general rule concerning lesser included offenses appears to be: 'To warrant conviction of a lesser offense on an indictment or information charging a greater offense, it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser.' " See also *Goldin v. State,* 104 Ga. 549, 550 (30 SE 749).

The indictment in the instant case also stated that

defendant "did unlawfully, wilfully and maliciously commit an assault upon the person of [the victim], a female child under the age of eighteen years who was at that time under the supervision of the accused. . .by striking and beating the said [victim] with his hands, a belt and a stick . . . the said acts causing said child to receive cruel and excessive physical pain. . ." The indictment included all necessary elements of the offense of cruelty to children. Therefore, it was a lesser included offense of the major crime charged in the indictment. There is no merit in this enumeration.

4. It is alleged that the statement by the defendant to the lie detector examiner was not admissible. The defendant admitted he was fully advised of his Miranda rights prior to making the statement and that such statement was "freely and voluntarily" given before he was connected to the machine. This statement is admissible. *Johnson v. Aetna Ins. Co.,* 124 Ga. App. 112 (183 SE2d 85). We emphasize that this statement was taken prior to the test being administered. See *Stack v. State,* 234 Ga. 19, 25 (214 SE2d 514).

5. Defendant argues that the verdict is contrary to the evidence and without evidence to support it. We can not agree. Defendant was convicted of cruelty to children by "willfully and maliciously [committing] an assault upon [the victims] . . . by striking and beating the said [victims] with his hands, a belt and a stick . . . causing said [children] to receive cruel and excessive physical pain. . ."

The witness Tammy testified that defendant whipped her and her young sister with his hand and with a belt. The defendant also stated that he "didn't realize [he] had hit them that hard." His statement to the polygraph examiner, prior to being attached to the machine, substantiated the commission of these offenses. On appeal, if there is "any evidence" to support the verdict, absent harmful errors of law, the appellate court will not disturb the verdict. *Gaines v. State,* 239 Ga. 98, 100 (236 SE2d 55). The evidence is sufficient to support the verdict.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

136

Submitted September 15, 1977 — Decided November 4, 1977 — Rehearing denied November 28, 1977.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.