## 55213. TUGGLE et al. v. THE STATE.

WEBB, Judge.

This appeal presents two questions: (1) Is the crime of simple battery necessarily included in the crime of aggravated assault (with a deadly weapon)? and (2) Do the allegations of the indictments here contain all the essential averments of the crime of simple battery? If both of these questions are answered in the negative, we must reverse these convictions had under indictments for assault with deadly weapons since the defendants were convicted not of assault with deadly weapons but of simple battery after the court had charged thereon over objection.

1. "An accused may be convicted of a crime included in a crime charged in the indictment, information or accusation. A crime is so included when: (a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Criminal Code § 26-505.

"The general rule concerning lesser included offenses appears to be: 'To warrant conviction of a lesser offense on an indictment or information charging a greater offense, it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser.' " *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211) (1973).

A simple assault is defined as either (a) an attempt to commit a violent injury to the person of another, or (b) an act which places another in reasonable apprehension of immediately receiving a violent injury. Criminal Code § 26-1301. An assault becomes aggravated when it is perpetrated either with intent to murder, rob or rape, or by use of a deadly weapon. Criminal Code § 26-1302. Thus, "Aggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon," *Scott v. State,* 141 Ga. App. 848, 849 (234 SE2d 685) (1977), and neither type of assault requires physical contact with the victim.

Simple battery, on the other hand, requires that the accused intentionally make physical contact of an insulting or provoking nature with the person of another or intentionally cause physical harm to another. Criminal Code § 26-1304. It will thus be seen that every battery necessarily includes an assault, which is but an attempted battery *(Scott v. State,* 141 Ga. App. 848, 849, supra), and not the other way around. Physical contact is required for a simple battery but not for aggravated assault, and hence the crime of simple battery is not necessarily included in the crime of aggravated assault.

2. A more difficult question is presented as to whether the language of the indictments is sufficient to encompass actual physical contact or harm as required by the battery statute, Criminal Code § 26-1304, so as to authorize convictions for simple battery. They allege that defendants "did make an assault upon the person of [one victim] with a certain knife, a deadly weapon," and "did make an assault upon the person of [the other victim] with a certain knife, hands and fists, deadly weapons."

The problem is with the word "assault." There is no difficulty if it is understood in its nontechnical meaning as "a violent onset or attack with physical means, as blows." Webster's New International Dictionary (2d Ed.). But we do not feel free to so contrue it because "[t]he term 'assault' is a legal word of art," *Smith v. State,* 140 Ga. App. 395, 396 (231 SE2d 143) (1976), and as it appears in Criminal Code §§ 26-1301—26-1303 does not encompass battery, which is separately dealt with in §§ 26-1304, 26-1305.

We might reach a different result had the indictments gone further and alleged that the aggravated assaults were committed "by striking and beating" the victim (*Williams v. State,* 144 Ga. App. 130, 133 (3) (240 SE2d 890) (1977)), or if "the grand jury specifically alleged that the defendant 'did unlawfully make an assault upon the person of [the victim] with their fists, which were used in such a manner as to be likely to cause death or great bodily injury." *Clarke v. State,* 239 Ga. 42 (1) (235 SE2d 524) (1977). But absent some such language we cannot wring "battery" from "assault."

While it is suggested that the evidence may have shown that a battery actually did occur, the question is not what the evidence showed but what the indictments alleged (or failed to allege) since, contrary to the rule in civil cases (Code Ann. § 81A-115 (b)), indictments are not deemed amended to conform to the evidence. *Gentry v. State,* 63 Ga. App. 275 (11 SE2d 39) (1940). The indictments here having failed to allege that there was physical contact or harm as required by the battery statute (Criminal Code § 26-1304), the charge thereon and resultant convictions were unauthorized. We have felt unable to rely upon the observation to the contrary made in *Williams v. State,* 127 Ga. App. 386, 389 (3) (193 SE2d 633) (1972) as it was so clearly obiter dictum.

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, P. J., Smith and Birdsong, JJ., concur. McMurray, Shulman and Banke, JJ., dissent.*

SUBMITTED FEBRUARY 6, 1978 — DECIDED APRIL 6, 1978.

*Maylon K. London,* for appellants.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.

McMurray, Judge, dissenting.

Defendants were indicted for the offense of aggravated assault upon one John Lunsford with a certain knife, a deadly weapon. They were likewise indicted for the offense of aggravated assault upon one

Judd Grizzle with a certain knife, hands and fists, also described as "deadly weapons." A joint trial was held, and the jury found them, as to each charge, guilty of simple battery. Each was to serve 12 months as to each conviction, the second sentence of 12 months to run consecutively to the first sentence.

We have no transcript of the evidence here, but on motion for new trial and judgment notwithstanding the verdict which the trial court denied, findings of fact and conclusions of law were made. Therein the trial court stated defense counsel had requested that the court not charge the jury on "simple battery" and that the request was timely filed in the two cases. However, the court did charge as a lesser included offense the law as to simple battery. After verdict but prior to sentencing the defendants moved to review and reconcile the verdict contending it was repugnant, void, improper and contrary to the indicted crimes. Notwithstanding this motion the court entered a judgment and sentence on each defendant on each conviction. In its conclusions of law both of which are virtually the same, the trial court held that the crime of simple battery is a lesser included offense in an aggravated assault case in this instance, and the court did not commit error in giving a charge thereon and approving the verdict of the jury finding the defendants guilty of simple battery. Error is enumerated here to these conclusions.

The majority here hold that an aggravated assault with a deadly weapon does not require physical contact as is the case of a simple battery "hence the crime of simple battery is not necessarily included in the crime of aggravated assault." Further, they hold the allegations of the indictments here did not contain all the essential averments of the crime of simple battery. As the result of this opinion the majority reverses.

I do not agree to the views expressed by my learned associates nor do I agree to the judgment of reversal.

First, the record here does not contain a transcript of the evidence and proceedings at the trial. Indeed, the notice of appeal does not disclose whether or not such transcript exists. Of course, defendants were charged with a felony but convicted of a misdemeanor. Without the

transcript we have no way of knowing what evidence was presented in the case.

Second, an assault with a knife or with a knife, hands and fists necessarily discloses that there could have been considerable physical contact with the victim. Under the charge of simple battery (Code § 26-1304), "[a] person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another or (b) intentionally causes physical harm to another." Physical contact could very well have been present under the averments of the indictments. In *Williams v. State,* 127 Ga. App. 386, 389 (3) (193 SE2d 633), this court recognized that in an assault with a shoe-clad foot simple battery was a lesser offense of aggravated assault. However, in *Davis v. State,* 135 Ga. App. 584, 589 (218 SE2d 297), in which the defendant was charged with the offense of aggravated assault with a certain pistol, the evidence shows that the defendant struck the victim repeatedly about the head knocking him to the ground into an unconscious or semicomatose condition. The defendant denied any attack. This court there held that the lesser offense of simple battery was not in issue so as to require instructions since that offense was not "reasonably raised by the evidence," citing two earlier Supreme Court cases both occurring before the new Criminal Code. Whether a weapon is a deadly weapon is a question properly for jury determination. See *Quarles v. State,* 130 Ga. App. 756, 757 (204 SE2d 467), the test being the manner and means of use and the wounds inflicted.

In my opinion, the evidence here could have shown physical contact by the use of a knife, or knife, hands and fists; and the jury could have determined the manner and means of use as well as the injuries inflicted, if any, other than touching. The jury would have been authorized to consider whether simple battery was a lesser included offense.

For all the foregoing reasons I respectfully dissent, as I would affirm the judgment.

I am authorized to state that Judge Shulman and Judge Banke join in this dissent.