## 57652. GUEVARA v. THE STATE.

SMITH, Judge.

Appellant was indicted for aggravated assault and convicted of simple battery. He contends that the trial court erroneously charged the jury, that the court committed error in failing to grant a directed verdict on the aggravated assault charge, that the court erred in failing to deliver certain curative instructions, that the court incorrectly excluded particular testimony, and that the evidence did not support the verdict. We affirm.

The altercation which is the subject of this appeal occurred at appellant's residence on Christmas Eve, 1977, when the victim, Woodward, returned his son to his former wife. Woodward was the former husband of appellant's fiancee, with whom appellant was living. Woodward visited at the house for about three hours, and the violence erupted when he began to take his leave. Woodward's testimony was that appellant grasped Woodward's hands in a "vice-like grip" and they attempted to bend one another's hands back in Indian wrestling fashion. Woodward paused to remove his coat, and appellant struck him in the forehead with his fist. The

altercation continued, with the victim trying to fight back. White, a friend of appellant's, then began holding Woodward so that appellant could more easily pummel him. Woodward was severely beaten about the face, arms and stomach, and intestinal surgery was required as a result of the fight. The indictment charged appellant with committing an assault upon Woodward "by striking, hitting and beating him with his hands and fists and by other means to the Grand Jurors unknown; said hands, fists and unknown means being deadly weapons when used in the manner used by said accused in said assault."

1. The evidence would have authorized a jury finding that appellant had "provoke[d] the use of force against himself with the intent to use the force as an excuse to inflict bodily harm upon" Woodward. Code § 26-902 (b) (1). The trial court, therefore, did not commit reversible error by charging the entirety of Code § 26-902 (b), which sets out the circumstances upon which appellant's use of force could not be said to have been justified. *Ford v. State,* 232 Ga. 511 (12) (207 SE2d 494) (1974).

2. Appellant next contends that the jury's return of a simple battery conviction indicates no deadly weapon was involved and that, therefore, the trial court should have granted his motion for a directed verdict on the charge of aggravated assault. That contention is meritless. "We recognize that fists per se are not a deadly weapon within the meaning of § 26-1302 of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1280). Nevertheless, they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc. [Cits.] As brought out in the recent case of *Williams v. State,* 127 Ga. App. 386 (193 SE2d 633), whether the instrument used constitutes a deadly weapon is properly for the jury's determination." *Quarles v. State,* 130 Ga. App. 756 (204 SE2d 467) (1974). Whether appellant's means of attack was deadly and whether appellant's acts were punishable as an aggravated assault or as simple battery were matters properly left to the jury.

3. Citing *Powell v. State,* 140 Ga. App. 36 (230 SE2d 90) (1976), as controlling, appellant asserts that simple battery was not here a lesser included offense of the crime

for which he was indicted, that the trial court thus erred in instructing upon the law of simple battery, and that the evidence did not support the verdict. The principle stated in *Powell* does not apply to the instant case. In *Powell*, the court said, "Where the assault is committed with a deadly weapon, simple battery is not a 'lesser included offense.'" Ibid. Here, as we indicated in Division 2, supra, the jury was authorized to decide appellant's fists and hands were *not* used as deadly weapons. Too, the language of the indictment sufficiently alleged the crime of simple battery. See Code § 26-1304 and compare *Tuggle v. State,* 145 Ga. App. 603 (244 SE2d 131) (1978). There was no error in charging on simple battery, which was here a lesser included offense, and the evidence did support the verdict. *Williams v. State,* 144 Ga. App. 130 (3) (240 SE2d 890) (1977); Code § 26-505.

4. Contrary to appellant's contention, the state's closing argument did not refer to matters not in evidence. Therefore, the requested curative instructions were not necessary.

5. Appellant offered White's testimony showing that, approximately an hour before the fight broke out, Woodward boasted to White about fights in which Woodward had previously been involved. The trial court excluded that testimony, and properly so. Assuming appellant's evidence established a prima facie case that Woodward was the aggressor and thus rendered admissible evidence of his violent character, the rule remained that his general character for violence could not be established by specific acts. *Black v. State,* 230 Ga. 614 (3) (198 SE2d 314) (1973).

6. Evidence concerning the nature of Woodward's wounds and the surgery which the fight necessitated was relevant, and the trial court properly admitted it.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 24, 1979 —

*J. Melvin England,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.