## 58598. HARPER v. THE STATE.
## 58599. McFARLAND v. THE STATE.

SHULMAN, Judge.

Defendants Helen McFarland and Doug Harper were indicted, tried and convicted of the offense of aggravated

assault. On appeal, we reverse.

The facts of the case are as follows. The defendants (who were engaged to be married) were being treated at the county health department for venereal disease. When rumor of their treatment spread through their hometown, the defendants went to the health clinic to confront an employee of the clinic (the prosecutrix, Mrs. Shaw), whom they believed to be the source of the rumor. An argument ensued whereupon defendant-McFarland struck Mrs. Shaw several times. There was no testimony that defendant-Harper personally took part in the physical altercation.

1. Appellants contend that the trial court erred in allowing the hearsay testimony of one Diane Watkins. Ms. Watkins testified that the sister of defendant-Harper had informed her prior to the incident in question that defendants McFarland and Harper were going to the clinic to "beat up" Mrs. Shaw for disclosing information to the public concerning their treatment for venereal disease. The court allowed the hearsay testimony, over defense objection, holding that the testimony was admissible for the purpose of showing defendants' intent, state of mind, plan or motive.

While the statements allegedly made by defendants to the sister of defendant-Harper would have been admissible to show the intent or motive of the defendants, if such statements were related by the sister herself or by a third party privy to the alleged conversation (see, e.g., *Johnson v. State,* 242 Ga. 822 (2) (251 SE2d 563)), the fact that Diane Watkins testified to a conversation to which she was not a party, but related the contents of such conversation by information received from another, renders such testimony hearsay on hearsay. Since the state failed to proffer an exception for this double hearsay (hearsay on hearsay), which testimony was objected to by defendants, the trial court erred in allowing the testimony. *Todd v. State,* 200 Ga. 582 (1) (37 SE2d 779); *Johnson v. State,* 130 Ga. App. 704 (4) (204 SE2d 302). Cf. generally, in this regard 11A EGL 83, Evidence (Criminal), § 42 (1979 Rev.) and cases cited therein, e.g., *Wesley v. State,* 225 Ga. 22 (2) (165 SE2d 719); *Emmett v. State,* 232 Ga. 110 (6) (205 SE2d 231). Accordingly, as the

admission of such testimony constituted harmful error, the judgment of the trial court must be reversed.

2. Appellants assert that a conviction of aggravated assault, assault with a deadly weapon under Code Ann. § 26-1302 (b), was unauthorized by the evidence since the evidence went to prove, at most, a simple battery. Appellants submit that in view of the victim's minor injuries and the evidence evincing the use of no weapon other than the fists of Ms. McFarland, a young woman, the evidence did not support, as a matter of law, the jury's determination that defendants committed the crime of aggravated assault.

Although we recognize that the facts in evidence would have authorized defendants' conviction of a lesser included offense (e.g., simple battery), we cannot say, as a matter of law, that the jury could not have found defendant-McFarland's fists to be a deadly weapon, and thus convict defendants of aggravated assault.

While "fists per se are not a deadly weapon within the meaning of § 26-1302 of the Criminal Code of Georgia [cit.]. Nevertheless, they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc. [Cits.]" *Quarles v. State,* 130 Ga. App. 756 (2) (204 SE2d 467). Thus, whether under the circumstances of the case at bar, defendant-McFarland's fists constituted a deadly weapon was properly a question for jury determination. Id. See *Thomas v. State,* 237 Ga. 690 (1) (229 SE2d 458).

The evidence produced at trial showed that following the alleged attack, the victim had lacerations above her eyes, that both eyes were swollen and black, that her cheek was lacerated, and that she suffered a mild concussion. A physician testified that the victim's injuries would have required her hospitalization of approximately two days. (The victim developed an unrelated illness which prolonged her stay in the hospital.) The prosecutrix herself testified that she received numerous blows to her head and neck. There was also testimony that following the alleged beating, the victim was "covered in blood." In addition, photographs of the victim were introduced into evidence to show her physical condition after her confrontation with the defendants. Thus, based on the

above evidence, we must conclude that the jury was within its authority in finding that defendant-McFarland's fists constituted a deadly weapon.

3. Appellant-Harper asserts error on the general grounds, contending that the evidence did not support his conviction. Although the record is devoid of any evidence indicating that appellant personally struck or otherwise threatened the victim, we nevertheless must decide that there was evidence to withstand defendant-Harper's motion for directed verdict.

There was the undisputed evidence that defendant-Harper was present at the time of the beating and that, indeed, defendants Harper and McFarland came to the clinic together to confront the victim, Mrs. Shaw. There was also testimony that defendant-Harper took part in the argument with the victim and that, before confronting the victim, said to defendant-McFarland, "Let's get this the hell over with." There was also evidence that afterwards, the co-defendants left together in a hurry, at which time defendant-Harper was heard to say, "Let's get the hell out of here."

Thus, from the evidence adduced at trial, the jury was authorized to find that appellant-Harper was a party to the crime of aggravated assault; that defendants McFarland and Harper were engaged in a conspiracy to do an unlawful act. See *O'Neal v. State,* 239 Ga. 532 (1) (238 SE2d 73). For a definition of conspiracy and proof necessary to convict thereon, see *Gilliland v. State,* 139 Ga. App. 399 (8) (228 SE2d 314), overruled on other grounds, *Patterson v. State,* 238 Ga. 204 (232 SE2d 233).

On the basis of the evidence supporting the state's contention that defendant-Harper was engaged in a conspiracy with defendant-McFarland, we hold that a rational trier of fact could have reasonably found defendant guilty of the offense charged. See Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560). This being so, defendant-Harper's conviction cannot be reversed on the general grounds, and the trial court did not err in denying appellant-Harper's motion for directed verdict of acquittal. *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743).

However, for the reason assigned in Division 1 of this opinion, the judgment of the trial court as to both

defendants must be reversed.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

58598, ARGUED OCTOBER 2, 1979; 58599,
SUBMITTED OCTOBER 2, 1979 —
DECIDED DECEMBER 4, 1979.

*Jerome C. Ware, R. John Boemanns,* for appellants.
*V. D. Stockton,* District Attorney, *Michael H. Crawford,* Assistant District Attorney, for appellee.