66753. JOHNSON v. THE STATE.

DEEN, Presiding Judge.

Johnson appeals from his convictions for possession of a firearm by a convicted felon, 3 counts of simple battery, and a violation of the recidivist statute. On July 24, 1982, 2 police officers responded to related calls regarding a domestic disturbance and a person brandishing a shotgun at an apartment complex. A woman answered the door at the apartment which a crowd in the parking lot had indicated to the officers as the scene of the disturbance, and although she appeared to have been beaten she was reluctant to give any information. When the appellant drove into the parking lot moments later, the officers approached him and accompanied him to the

apartment. He was belligerent and denied having any shotgun. One officer then approached the vehicle the appellant had driven, removed a shotgun which he observed on the rear seat, and handed it to another officer, who placed it in his patrol car.

The appellant demanded profanely that the officers not take his shotgun and headed towards them. Two other officers stepped in front of him to block his passage. The appellant's belligerent, persistent attempts to get to the 2 officers removing the shotgun necessitated application of some restraint, which was resisted by the appellant. Fisticuffs ensued, and it required 5 officers and 4 sets of handcuffs (one of which was broken by the appellant) to subdue the appellant. Three officers sustained minor physical injuries during the scuffle. The officers were unaware of the appellant's prior felony conviction, and they did not arrest him until his protest and interference concerning the shotgun.

On appeal the sole enumeration of error concerns the trial court's instruction of the jury on the law of simple assault. The appellant had asserted as his primary defense the right to resist an illegal arrest, and the trial court instructed the jury on that defense. Immediately following that charge, however, the trial court also instructed the jury on the law of simple assault, but not in terms of it constituting a lesser included offense of battery. The appellant contends that the jury instruction was error because the offense of simple assault was not charged in the indictment; there was no evidence adduced that would support such a charge; and the instruction was tantamount to an impermissible comment on the evidence by the trial court. *Held:*

A trial court may instruct the jury on a lesser included crime of that charged in the indictment. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). Since a simple assault is an attempted battery, it necessarily is a lesser included offense to battery. See *C. L. T. v. State,* 157 Ga. App. 180 (276 SE2d 862) (1981); *Tuggle v. State,* 145 Ga. App. 603 (244 SE2d 131) (1978). The evidence in this case certainly authorized a charge on battery (and the appellant does not contend otherwise), and, *a fortiori,* it authorized a charge on simple assault as a lesser included offense. The trial court's failure to identify simple assault as a lesser included offense, however, did not constitute error.

In raising the defense of illegal arrest, the appellant asserted that the alleged battery did not occur until after his arrest and therefore was justified resistance to an arrest made without probable cause. In its charge to the jury, the trial court defined simple assault, at the state's request, so that the jury could fully evaluate the validity of the appellant's illegal arrest defense. We conclude that the trial court properly did so.

The existence of probable cause for the appellant's warrantless arrest was not dependent upon the completion of the alleged battery. Rather, upon the occurrence of a simple assault, as a constituent part of a battery, probable cause would obtain. Whether the appellant's arrest occurred before any alleged assault and resultant battery of the officers was a matter properly submitted for jury resolution, and the state was entitled to have the jury instructed on all the pertinent law.

The appellant also contends that because there was no evidence to support a charge on simple assault, the trial court's instruction constituted an impermissible expression or intimation of opinion under OCGA § 17-8-55 (Code Ann. § 81-1104). That statute is infringed, however, only when the charge assumes certain things as facts or it is in such a form as to intimate the judge's belief as to what the evidence shows. *Mitchell v. State,* 190 Ga. 571 (9 SE2d 892) (1940). As discussed above, the evidence authorized a charge on simple assault, and the charge as given certainly did not assume the assault as fact and was not in a suggestive form.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 29, 1983—

*Timothy W. Floyd,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.