## 67786. ANDERSON v. THE STATE.

BIRDSONG, Judge.

Danny William Anderson was indicted for armed robbery and aggravated assault. He was acquitted of the theft related crime and of aggravated assault but convicted of simple battery. He was sentenced to serve four months. Anderson brings this appeal enumerating two asserted trial errors. *Held*:

In the only remaining crime (Count II), Anderson was indicted for the offense of aggravated assault by making an assault upon the person of one Miller with a certain knife, a deadly weapon. The fact disclosed a common street brawl between two different carloads of young men, one containing three friends (one of which was the alleged assault victim) and the other three brothers, one of whom is the appellant in this case. When the facts were presented by the state in support of the charges, the trial court directed a verdict of acquittal as to the armed robbery, but submitted the lesser charge of theft by taking and, at the request of the state but over the objection of the defense, submitted the lesser offense of simple battery to the charge of aggravated assault with a knife.

The result in this case is governed by the case of *Tuggle v. State*, 145 Ga. App. 603 (244 SE2d 131). The state in its brief concedes that in order to affirm this case we would have to overrule the *Tuggle* case. This we decline to do.

"Simple battery . . . requires that the accused intentionally make physical contact of an insulting or provoking nature with the person of another or intentionally cause physical harm to another. Criminal Code § 26-1304 [OCGA § 16-5-23]. It will thus be seen that every battery necessarily includes an assault, which is but an attempted battery (*Scott v. State*, 141 Ga. App. 848, 849, [234 SE2d 685]), and not the other way around. Physical contact is required for a simple battery but not for aggravated assault, and hence the crime

of simple battery is not necessarily included in the crime of aggravated assault. . . . The problem is with the word 'assault'. . . . The term 'assault' is a legal word of art, *Smith v. State*, 140 Ga. App. 395, 396 (231 SE2d 143) (1976), and as it appears in Criminal Code §§ 26-1301—26-1303 [OCGA §§ 16-5-20—16-5-22] does not encompass battery, which is separately dealt with in §§ 26-1304, 26-1305 [OCGA §§ 16-5-23, 16-5-24].

"We might reach a different result had the indictments gone further and alleged that the aggravated assaults were committed 'by striking and beating' the victim (*Williams v. State*, 144 Ga. App. 130, 133 (3) (240 SE2d 890) (1977)). . . . But absent some such language we cannot wring 'battery' from 'assault.'

"While it is suggested that the evidence may have shown that a battery actually did occur, the question is not what the evidence showed but what the indictments alleged (or failed to allege) since, contrary to the rule in civil cases . . . indictments are not deemed . . . to conform to the evidence." *Tuggle v. State*, supra, pp. 604-605. See *Porter v. State*, 163 Ga. App. 511, 512 (1) (295 SE2d 179).

The trial court erred in charging the jury, particularly over objection, as to the crime of simple battery. The jury having returned a verdict of not guilty as to the crime of aggravated assault, as well as to the crime of theft by taking, the sentence adjudged by the trial court has no predicate and cannot stand. The case is returned to the trial court for action consistent with this opinion.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 3, 1984.

*Lee Sexton,* for appellant.
*Robert E. Keller, District Attorney, William S. McKinnon, Jr., Assistant District Attorney,* for appellee.