## 34341. REED v. THE STATE.

CARLISLE, J. 1. "'Verdicts are to have a reasonable intendment, and are to receive a reasonable construction.' Code, § 27-2301. 'Verdicts are to be construed in the light of the pleadings, the issues made by the evidence, and the charge of the court.' *Swain* v. *Georgia Power & Light Co.*, 46 *Ga. App.* 794 (169 S. E. 249). Accordingly, where, as

in the present case, one is tried on an indictment charging him with the offense of robbery by force and by intimidation, and after the evidence has been adduced the judge submits to the jury only the question whether the defendant is guilty of the offense of robbery by intimidation, a general verdict of guilty will be construed as convicting the accused only of the lesser offense of robbery by intimidation. *Johnson* v. *State,* 121 *Ga.* 143 (48 S. E. 951); *Hall* v. *State,* 43 *Ga. App.* 224 (158 S. E. 357); *Davis* v. *State,* 47 *Ga. App.* 706 (171 S. E. 401)." *Meriwether* v. *State,* 189 *Ga.* 746 (8 S. E. 2d, 72).

2. Where, in such a case as indicated above, there is evidence authorizing the conviction of the defendant for robbery by intimidation, which is conceded by counsel for the defendant, a general verdict of guilty will not, under an application of the principles of law stated in division 1 of this opinion, be disturbed as contrary to the evidence or to the law.

3. The fact that in such a case the trial court in its charge to the jury, after first excluding the issue of robbery by force, of which there was no evidence, instructed the jury: "The violent taking of money or property from the person by force or intimidation for the purpose of applying the same to the payment of a debt, to which money or property the taker has no bona fide claim of title or right of possession constitutes the offence of robbery," did not re-inject the issue of robbery by force into the case, nor was such charge calculated to confuse the jury so as to lead it to impose a penalty for robbery by force. The penalty for robbery by force was nowhere charged and is quite different from that possible for robbery by intimidation. See Code § 26-2503 (from 2 to 20 years) and Code (Ann. Supp.), § 26-2502 (death; life imprisonment *upon recommendation* of the jury; or from 4 to 20 years upon recommendation of jury and in the discretion of the court).

The trial court did not err in overruling the motion for a new trial, based solely on the general grounds, for any reason assigned.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED NOVEMBER 8, 1952.

*Howard, Tiller & Howard, E. Freeman Leverett,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall, Charlie O. Murphy,* contra.