### 32205. CLARKE v. THE STATE.

NICHOLS, Chief Justice.

The appellant, James David Clarke, was indicted in Clarke County for rape and aggravated assault. In charging and accusing the defendant with the offense of aggravated assault, the grand jury specifically alleged that the defendant "did unlawfully make an assault upon the person of [the victim] with their fists, which were used in such a manner as to be likely to cause death or great bodily injury." The victim gave testimony that the defendant and an accomplice entered her home, demanding that the victim produce a mutual acquaintance and some "drinking whiskey." When their demands were not met, the defendant and his accomplice

beat the victim, raped her, beat her again and then inserted a foreign object into her vagina. The victim then became unconscious. Due to the victim's poor eyesight, she was unable to identify her attackers. However, two independent witnesses testified that they saw the defendant and his accomplice enter the victim's home, heard cries for help and then saw the two men leave.

At the trial the judge directed a verdict as to the count in the indictment which alleged aggravated assault. He submitted to the jury the charges of rape and of simple battery, a lesser included offense of aggravated assault. The jury returned a guilty verdict on both counts of the indictment. Over objection from the appellant's counsel, the court instructed the jury foreman to change the verdict as to Count 2 to reflect that the defendant had been found guilty of simple battery, as opposed to aggravated assault.

1. The trial court did not commit error by charging the jury on a lesser included offense of simple battery after it had directed a verdict on the charge of aggravated assault. Code Ann. § 26-505. There was sufficient evidence submitted at trial to support a finding by the jury that the defendant beat the victim with his fists subsequent to the rape. Appellant's implication that the conviction for simple battery was based solely upon alleged attacks upon the victim's body with a table leg is not supported by the evidence. "If there is any evidence to support the jury finding, no error of law appearing, we will not disturb the verdict." *Lawson v. State,* 234 Ga. 136 (214 SE2d 559) (1975).

2. There was no error for the trial court to allow the introduction of the table leg and toothpaste container into evidence over objection. This evidence corroborates the victim's testimony that the defendant had sexual intercourse with her forcibly and without her consent. The evidence "was admissible to show intent, motive, plan, scheme [or] bent of mind." *Davis v. State,* 233 Ga. 638, 639 (2) (212 SE2d 814) (1974). It is also admissible because the insertion of foreign objects into the victim's vagina immediately after the rape bears a logical connection to the rape. *Pass v. State,* 227 Ga. 730, 737 (14) (182 SE2d 779) (1971).

3. The trial court's sustaining the state's objection to appellant's attempt to impeach a witness by eliciting from the witness testimony as to a prior conviction for forgery was proper. "A witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted." *Rewis v. State,* 109 Ga. App. 83, 85 (134 SE2d 875) (1964).

4. "Verdicts are to be construed in light of the pleadings, the issues made by the evidence, and the charge of the court. . . Accordingly, where, as in the present case, one is charged on an indictment charging him with the offense of robbery by force and by intimidation, and after the evidence has been adduced the judge submits to the jury only the question whether the defendant is guilty of robbery by intimidation, a general verdict of guilty will be construed as convicting the accused only of the lesser offense of robbery by intimidation." *Reed v. State,* 87 Ga. App. 154, 155 (73 SE2d 223) (1952). The rationale in *Reed* is directly applicable to the case sub judice. The judge specifically charged the jury that he was directing a verdict on the charge of aggravated assault, that he was submitting to them a charge of a lesser included offense of simple battery and that if the jury found the defendant guilty of simple battery, the form of the verdict to be returned should be "And we the jury find the defendant guilty of simple battery under Count 2." It is obvious from the transcript that the jury returned a verdict for simple battery under Count 2 of the indictment. The court committed no error when it directed the jury foreman to change the form to reflect the jury's actual verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED
MAY 13, 1977.

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Arthur K. Bolton,*

*Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.

