## 69471. BUCHANAN v. THE STATE.
(327 SE2d 535)

Benham, Judge.

Although indicted for aggravated assault, appellant was found guilty of simple battery. He now appeals from the judgment entered on that jury verdict.

1. Appellant's enumeration of error concerning the general grounds is without merit. There was evidence that appellant used his fists and feet to strike the victim, breaking his cheekbone. Appellant himself admitted that he intentionally punched the victim in the nose. There was sufficient evidence for a rational trier of fact to find appellant guilty of simple battery beyond a reasonable doubt. OCGA § 16-5-23.

2. Appellant maintains that venue was not sufficiently proven. "[A]ll criminal cases shall be tried in the county where the crime was committed . . ." Ga. Const. 1983, Art. VI, Sec. II, Par. VI. Four witnesses stated that the incident occurred in Carroll County, and this evidence was in no way refuted. "In the absence of a denial that the crime was committed in [Carroll] County, there is no conflict with the direct testimony that the crime was committed in that county." *Taylor v. State*, 154 Ga. App. 279, 280 (267 SE2d 891) (1980). Witnesses testifying to venue need not state that the county in which the incident occurred is in the State of Georgia. See *Knox v. State*, 114 Ga. 272 (40 SE 233) (1901).

3. At appellant's request, the trial court instructed the jury on the law of simple battery. Appellant now raises the giving of that charge as error. However, there was no error in giving the charge inasmuch as there was evidence that authorized the jury to find appellant guilty of simple battery. See *Clarke v. State*, 239 Ga. 42 (1) (235 SE2d 524) (1977); *Guevara v. State*, 151 Ga. App. 444 (260 SE2d 491) (1979). Even if there was error, it was induced and that is impermissible. *Edwards v. State*, 235 Ga. 603 (2) (221 SE2d 28) (1975).

4. Appellant next asserts that the indictment failed to allege the essential elements of simple battery, specifically that there was physical contact with or harm to the victim. We reiterate that appellant

was indicted for aggravated assault and the indictment tracked the language of the statute: that appellant made "an assault on the person of [the victim] with his fists and feet, objects which when used offensively against said person were likely to and actually did result in serious bodily injury." See OCGA § 16-5-21 (a) (2). The allegation that the offensive use of fists and feet resulted in bodily injury is a sufficient allegation of simple battery. OCGA § 16-5-23.

5. Appellant's remaining enumerations concern the content of the trial court's instructions to the jury. It was not error to refuse to charge the jury on reasonable doubt or the State's burden of proof in the words requested by appellant when the jury was otherwise adequately instructed on those principles of law. See *Henderson v. State*, 251 Ga. 398 (3) (306 SE2d 645) (1983).

6. Appellant's final enumeration of error concerns a portion of the jury charge dealing with the definition of "serious bodily injury," an element of aggravated assault. Since appellant was not convicted of aggravated assault, but rather of an included offense, the alleged error can only be harmless. *Chancellor v. State*, 165 Ga. App. 365 (5) (301 SE2d 294) (1983).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 26, 1985.

*William K. Baldwin*, for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney*, for appellee.