A02A0961. HILL v. THE STATE.
(570 SE2d 395)

MIKELL, Judge.

On July 14, 1997, Mark A. Hill pleaded guilty to two counts of aggravated assault and one count of false imprisonment. He also pleaded guilty to entering an automobile, with which he was charged in a separate accusation. The trial court sentenced him as a recidivist to a total of twelve years confinement, comprised of concurrently running sentences of twelve years for each of the two counts of aggravated assault, twelve years for the false imprisonment charge, and five years for entering an automobile. Almost three years later, on July 10, 2000, Hill, acting pro se,[1] filed a "Motion to Void Convictions/ Judgments Pursuant to OCGA § 17-9-4 and Article VI Supremacy Clause." When no order was entered on the motion, Hill filed a petition for a writ of mandamus on September 26, 2001, seeking to compel a decision. That same day, the trial court entered an order granting Hill's petition for a writ of mandamus and his request to proceed in forma pauperis and an order denying Hill's motion to void his convictions. Hill filed what appears to be a second mandamus action essentially seeking a hearing and a motion for reconsideration, both of which were denied on October 17, 2001.

On October 25, 2001, Hill filed a notice of appeal to the Supreme Court, challenging the trial court's orders denying his motion to void convictions, motion to compel production of "all documents of the dis-

---

[1] Hill was represented by counsel at the time of his guilty plea and sentencing.

trict attorney," and his second petition for a writ of mandamus. The Supreme Court dismissed the appeal of the mandamus action, because Hill filed a direct appeal rather than an application, and transferred the remainder of Hill's appeal to this Court. We affirm the judgment of the trial court denying Hill's motion to void his convictions. However, we vacate Hill's sentence and remand the case for resentencing consistent with this opinion.

Prior to the entry of Hill's guilty pleas, the prosecutor recited the following facts to the trial court: On the night of October 12, 1996, around 11:40 p.m., two employees of Longhorn Steakhouse witnessed Hill inside a parked car belonging to another employee of the restaurant. When the two witnesses yelled at Hill, he exited the vehicle, jumped into a red car, and drove away. The witnesses wrote down the license number of the red car and reported the incident to the police. They subsequently identified Hill from a photographic lineup. Approximately one hour after being observed in the Longhorn Steakhouse parking lot, Hill approached Marsha Corley in the parking lot of a bar. Corley accepted Hill's offer of a ride and got into the red car. He drove her to a nearby school parking lot, tore her clothing off, and beat her. Corley managed to open a car door and scream. A school detective heard her scream and approached the parking lot. Hill fled the scene. The detective observed that Corley had blood all over her head and body. Hill was arrested 20 minutes later at a nearby carwash, covered in blood. Corley positively identified him as her attacker.

Hill, who was represented by counsel, did not object to the state's recitation of the facts. Further, Hill testified that he was in fact guilty of the charges and that he was satisfied with the services of his counsel.

1. Hill contends that the trial court erred in denying his "Motion to Void Convictions/Judgments pursuant to OCGA § 17-9-4 and Article VI Supremacy Clause." We disagree.

In *Thompson v. State*, 274 Ga. 818 (559 SE2d 730) (2002), the Supreme Court considered a pro se motion with a nearly identical title. The Court recognized that "[l]ooking at the substance of the motion rather than its nomenclature, the filing was actually a motion to withdraw a guilty plea." Id. In *Thompson*, as in the case sub judice, the appellant filed the motion three years after entering a guilty plea. The Court concluded that the motion was untimely because it was filed after the term of court in which the plea was entered and held that the trial court did not err in dismissing the motion. Id. Accord *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998) ("court's jurisdiction to consider a motion to withdraw a guilty plea ended with the . . . term of court in which the judgment of conviction was rendered, and . . . the motion must be dismissed"). Thus, to the

extent that Hill's motion was in fact an attempt to withdraw his guilty plea, the trial court lacked jurisdiction and should have dismissed it.

However, in addition to essentially seeking to withdraw his guilty plea, Hill's motion also challenged the validity of the indictment and the accusation. Hill contends that both the indictment and the accusation were defective because they did not cite the Code provisions defining each offense. Contrary to Hill's argument, the trial court properly concluded that the state was not required to specify the statute the defendant allegedly violated. "It is the description of the crime, rather than the description and number of the section under which it appears in the Code which furnishes the criterion for determining whether the indictment is good." *Curtis v. State*, 80 Ga. App. 244, 246 (1) (b) (55 SE2d 758) (1949). Accord *Rank v. State*, 179 Ga. App. 28 (1) (345 SE2d 75) (1986). The indictment and accusation sufficiently described the charges against Hill. Compare *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995) (indictment was so fundamentally flawed as to charge no crime at all). Accordingly, the trial court did not err in denying Hill's motion to void his convictions on this ground. Further, contrary to Hill's argument, the trial court was not required to conduct a hearing on the motion, as the issues raised could be resolved through consideration of the record.

2. In connection with his motion to void his convictions, Hill also argued that the two aggravated assault charges and the false imprisonment charge merged because they "[arose] out of the same facts and the same alleged victim." We reject Hill's argument that the false imprisonment charge merged with the aggravated assault charges but find some merit in Hill's claim that the two counts of aggravated assault merged.

"The key question in determining whether offenses have merged is whether the different offenses are proven with the same set of facts." *Johnson v. State*, 247 Ga. App. 157, 162 (10) (543 SE2d 439) (2000). See also OCGA § 16-1-7 (a); *Kinney v. State*, 234 Ga. App. 5, 7 (2) (505 SE2d 553) (1998). The first count of aggravated assault alleged that Hill "did make an assault on the person of Marsha Corley with the intent to rape the said Marsha Corley."[2] The second charge of aggravated assault alleged that Hill "did make an assault on the person of Marsha Corley with his hands and fists, objects which when used offensively against said person, were likely to result in serious bodily injury."[3] The state concedes that the two aggravated assault charges should have merged for sentencing, as

---

[2] OCGA § 16-5-21 (a) (1).
[3] OCGA § 16-5-21 (a) (2).

the same facts proved the two offenses. We agree. Accordingly, we vacate Hill's sentence and remand the case to the trial court for resentencing. See *Harris v. State*, 274 Ga. 835, 836 (2) (561 SE2d 73) (2002). As a practical matter, we recognize that this will not affect the duration of Hill's confinement, as the court imposed concurrent sentences.

Additionally, although this was not raised on appeal, the state has brought to our attention the fact that Hill's twelve-year sentence for false imprisonment exceeds the ten-year maximum sentence for that offense. OCGA § 16-5-41 (b). Thus, on remand, the trial court should resentence Hill to a term of ten years or less on the false imprisonment charge.

3. Next, Hill assigns error to the trial court's denial of his motion to compel production of "all documents of the district attorney." Hill's motion was filed in connection with his mandamus action, as demonstrated by its civil action number and the fact that it named the same respondents. Because the Supreme Court dismissed Hill's appeal of all orders entered in the mandamus action, this issue is not properly before us.

4. Finally, Hill has enumerated an additional error in a supplemental brief filed almost three months after his original appellate brief and enumeration of errors were filed. He contends that he was denied the effective assistance of counsel. We are precluded from considering this claim.

"An enumeration of error may not be amended after the original filing time has expired." *Parham v. State*, 166 Ga. App. 855, 856 (2) (305 SE2d 599) (1983). Accord *Getty v. State*, 202 Ga. App. 490, 491 (2) (415 SE2d 29) (1992) (appellant cannot file an additional enumeration of error in a supplemental brief after original filing time has expired). Court of Appeals Rule 22 (a) provides that "the enumeration of errors . . . shall be filed within 20 days after the case is docketed." See also OCGA § 5-6-40. Hill's appeal was docketed on January 11, 2002, and his supplemental brief containing the additional error was filed on April 17, 2002. Thus, the amended enumeration of errors was filed well outside of the original filing time.

Further, our Rule 24 states that "[s]upplemental briefs may be filed only by leave of the Court." Hill failed to request such leave. Court of Appeals Rule 26 (c) permits an appellant to file a reply brief within 20 days of the date of filing of the appellee's brief. In this case, the state filed its brief on February 14, 2002, and Hill filed his supplemental brief on April 17. Therefore, even if we construe Hill's supplemental brief as a reply brief, he failed to file it within the required time.

*Judgment affirmed. Sentence vacated and case remanded for resentencing. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 20, 2002.

Mark A. Hill, *pro se.*
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.