## A02A2453. REASON v. THE STATE.
(578 SE2d 199)

MILLER, Judge.

Julius Reason appeals following his guilty plea to possession of cocaine. On appeal he contends that the trial court erred in denying his "Motion to Vacate a Null and Void Conviction and Sentence," because (1) the plea was obtained improperly and (2) the accusation for possession of cocaine was void. We discern no error and affirm.

The record reveals that Reason was originally charged with armed robbery. On the date of his trial, Reason tested positive for cocaine and an accusation was prepared charging him with possession of cocaine.

After a jury had been chosen for his trial, Reason decided to enter guilty pleas to his armed robbery and possession of cocaine charges. At the guilty plea hearing, Reason and his counsel stipulated to the fact that the State could prove that Reason was guilty of the charged offenses beyond a reasonable doubt. Reason had extensive discussions with his counsel about the guilty plea and understood the nature of the plea. In addition, the trial judge confirmed on the record that Reason fully understood the plea to the various charges against him, knew that he was forfeiting his right to cross-examine witnesses as a result of the plea, knew the possible sentence that he could face by pleading guilty, understood that no promises or threats had been made to him to induce the plea, and that Reason was clear-headed and was not under the influence of any drugs at the time of the plea. Having been satisfied that the plea was being made voluntarily, the court accepted the plea and sentenced Reason to serve 12 years for each count against him, with the sentences to run concurrently.

Following his guilty plea, Reason filed a "Motion to Vacate a Null and Void Conviction and Sentence," which the court denied. Reason appeals.

1. Reason contends that the trial court erred in denying his motion to vacate his conviction and sentence because his guilty plea was obtained improperly. We disagree.

"Before accepting a plea of guilty, the trial court has a duty to ascertain that the plea is made voluntarily and intelligently." (Citation omitted.) *Harris v. State,* 167 Ga. App. 153 (1) (306 SE2d 79) (1983). An appellate court will not set aside a trial court's factual determination of voluntariness unless such determination is clearly erroneous. See *Taylor v. State,* 266 Ga. 129 (464 SE2d 385) (1996).

Here ample evidence supported the trial court's determination that Reason made his plea voluntarily. Reason's motion was essentially a motion to withdraw his guilty plea. Cf. *Hill v. State,* 257 Ga. App. 82, 83 (1) (570 SE2d 395) (2002). Reason has pointed to no evi-

dence indicating that the plea was not made voluntarily, and his argument that the trial court somehow lacked jurisdiction to decide his plea is without merit. See *Gerrard v. State*, 252 Ga. App. 767, 768 (1) (556 SE2d 131) (2001) (trial court does not lack jurisdiction where Georgia Code permits offense to be tried upon accusation even when defendant does not waive right to indictment by grand jury). Since there was evidence here to show that the plea was proper, we hold that the trial court did not err in denying Reason's motion.

2. Reason's argument that the accusation for possession of cocaine was void is also without merit. The accusation sufficiently described the charge against Reason and was not fundamentally flawed. See *Hill*, supra, 257 Ga. App. at 84 (1). In addition, there was no need for the police to arrest Reason for possession of cocaine, because Reason was already present for his trial at the time that he tested positive for cocaine in his system. The trial court did not err in denying Reason's motion to void his conviction based on an allegedly invalid accusation.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

Julius Reason, *pro se.*
R. Joseph Martin III, *District Attorney*, for appellee.