A11A0315. MORRIS v. THE STATE.
(712 SE2d 130)

BARNES, Presiding Judge.
Isaac Morris got out of his vehicle and punched a pedestrian, who fell backward onto the pavement and later died from the resulting skull fracture. Morris was indicted on the charge of voluntary manslaughter, but was convicted of involuntary manslaughter. On appeal from the denial of his motion for a new trial, Morris contends that the trial court erred by allowing the State to amend the indictment to charge the crime of involuntary manslaughter. He further contends that his conviction is void because it rests upon an indictment that did not allege the critical element of intent. For the reasons discussed below, we affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Gordon v. State*, 294 Ga. App. 908 (1) (670 SE2d 533) (2008). So viewed, the evidence showed that on July 10, 2007, Morris was driving his truck during evening rush hour. As he turned left onto a side street to avoid the heavy traffic, Morris almost struck a pedestrian walking across the inter-

section.[1] After the near collision, Morris stopped his truck in the middle of the street, got out, exchanged words with the pedestrian, and struck the pedestrian in the face once with his fist. The pedestrian fell backward and hit his head on the street. As the pedestrian lay in the street unconscious and bleeding from the head, Morris dragged him to the curb. Morris called 911 but drove off before an ambulance or the police arrived. The pedestrian was rushed by ambulance to the hospital but later died from the head injury he sustained from the fall.

Several eyewitnesses called 911, and one of them provided the license plate number of the truck that drove away from the scene. Based upon this information, a detective learned that Morris was the owner of the truck and obtained a photograph of him. The detective then compiled a photographic lineup and showed it to a witness, who identified Morris as the person who had struck the pedestrian.

Morris was arrested and indicted on the charge of voluntary manslaughter. The indictment averred that Morris

> did cause the death of another human being, to wit: [the victim], by striking [the victim] with his fist, while acting as a result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person contrary to the laws of said State, the good order, peace and dignity thereof.

On the first day of trial, after the jury was selected, the prosecutor noted to the trial court that the single count of the indictment was captioned "voluntary manslaughter" but that the language of the count omitted any allegation that Morris acted with the intent to kill. The prosecutor further stated that the State did not believe that Morris had acted with the intent to kill. Consequently, the prosecutor requested that the case proceed only on the lesser included charge of involuntary manslaughter and contended that Morris had notice of such a charge based upon the factual allegations in the indictment.

Over objection from Morris, the trial court ruled that the case would proceed on the lesser included charge of involuntary manslaughter by the commission of the unlawful act of simple battery.[2] See OCGA §§ 16-5-3 (a); 16-5-23 (a). The court then instructed the

---

[1] At trial, Morris also claimed that the pedestrian spit at him through the open window of his truck.

[2] The prosecutor initially requested that the case also proceed on the lesser included charge of involuntary manslaughter by the commission of the unlawful act of reckless conduct, but later withdrew this request.

jury prior to opening statements that the charge in the indictment had been "changed" from voluntary manslaughter to involuntary manslaughter.

In the ensuing trial, several eyewitnesses and the detective assigned to the case testified to the events as set out above. The deputy chief medical examiner testified that the cause of the pedestrian's death was blunt force trauma to the head caused by impact with a flat surface, and that the "enormous skull fractures" would not have occurred if the pedestrian had fallen to the ground "on his own" rather than from a blow. Furthermore, Morris took the stand and admitted that he got out of his truck and intentionally struck the pedestrian once with his fist, causing the pedestrian to fall backward onto the street. He denied that he intended to kill or harm the pedestrian.

Following the close of evidence, the trial court in its charge to the jury reiterated that involuntary manslaughter was the "only charge" and instructed them solely on the lesser included offense of involuntary manslaughter by the commission of the unlawful act of simple battery. The jury subsequently convicted Morris of involuntary manslaughter. Morris moved for a new trial, and the trial court denied the motion, leading to this appeal.

1. The evidence was sufficient to authorize a rational jury to find Morris guilty beyond a reasonable doubt of involuntary manslaughter by the commission of the unlawful act of simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Questions concerning the weight of the evidence and credibility of the witnesses were for the jury to decide." *Johnson v. State*, 289 Ga. App. 206, 208 (656 SE2d 861) (2008).

2. Morris contends that the trial court erred by allowing the State to amend the indictment, over his objection, from voluntary manslaughter to involuntary manslaughter by the commission of the unlawful act of simple battery. He maintains that the indictment did not allege the facts necessary to establish that offense. Therefore, Morris asserts that his due process rights were violated because he was never put on notice that he could be convicted of involuntary manslaughter.

"An indictment cannot be materially amended after the grand jury has returned the indictment into court; any subsequent amendment by the trial court or prosecution that materially affects the indictment is void and cannot serve as the basis for a conviction." *Driggers v. State*, 295 Ga. App. 711, 717-718 (4) (b) (673 SE2d 95) (2009). See *Ingram v. State*, 211 Ga. App. 252, 253 (1) (438 SE2d 708) (1993); *Gentry v. State*, 63 Ga. App. 275, 276 (11 SE2d 39) (1940). An amendment to the indictment can be actual or constructive; "[a] constructive amendment occurs when the essential elements of the

offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment" as a result of erroneous jury instructions or a prosecutor's statements to the jury. (Citations and punctuation omitted.) *United States v. Castro*, 89 F3d 1443, 1452-1453 (III) (11th Cir. 1996). See *Salahuddin v. State*, 241 Ga. App. 168, 170 (2) (525 SE2d 422) (1999) (physical precedent only), abrogated on other grounds by *Simpson v. State*, 277 Ga. 356, 358 (2) (589 SE2d 90) (2003).

Significantly, however, an indictment embraces all lesser included offenses of the charged offense. *Spence v. State*, 7 Ga. App. 825, 827 (68 SE 443) (1910). See OCGA § 16-1-6 ("An accused may be convicted of a crime included in a crime charged in the indictment or accusation."). An indictment places an accused on notice that he can be convicted of the crimes expressly charged as well as lesser crimes that are included in the charged offenses as a matter of law or fact. *Millender v. State*, 286 Ga. App. 331, 333 (2) (648 SE2d 777) (2007). Indeed, if an offense is a lesser included offense as a matter of law or fact, an accused can be convicted of that offense even if the trial court directs a verdict on the offense expressly charged in the indictment. See *Clarke v. State*, 239 Ga. 42, 44 (4) (235 SE2d 524) (1977); *Williams v. State*, 196 Ga. App. 154, 155-156 (1) (395 SE2d 399) (1990).

The lesser offense of involuntary manslaughter in the commission of an unlawful act can be included as a matter of fact in the greater offense of voluntary manslaughter. See, e.g., *Mitchell v. State*, 277 Ga. App. 65, 67, n. 2 (625 SE2d 487) (2005). A lesser offense may be included as a matter of fact in a greater offense charged in the indictment, if the indictment alleges the facts necessary to establish the essential elements of the lesser offense, and if the evidence presented at trial is sufficient to establish that offense. *Youmans v. State*, 270 Ga. App. 832, 835 (2) (608 SE2d 300) (2004). See *Little v. State*, 278 Ga. 425, 428 (4) (603 SE2d 252) (2004); *Loren v. State*, 268 Ga. 792, 796 (3) (493 SE2d 175) (1997); *Heggs v. State*, 246 Ga. App. 354, 355-356 (1) (540 SE2d 643) (2000). Here, the evidence at trial was sufficient to establish the lesser offense of involuntary manslaughter in the commission of the unlawful act of simple battery, as discussed in Division 1. Thus, the sole issue is whether the indictment in this case alleged the facts necessary to establish the essential elements of that lesser offense.

Where the crime at issue is involuntary manslaughter in the commission of an unlawful act, proof of the underlying unlawful act (here, simple battery) is an essential element of the crime. See *Williams v. State*, 96 Ga. App. 833 (1) (a) (101 SE2d 747) (1958). One manner in which a person can commit simple battery is by "[i]ntentionally caus[ing] physical harm to another." OCGA § 16-5-23 (a) (2).

Morris maintains that simple battery under OCGA § 16-5-23 (a) (2) requires proof that the defendant acted with the specific intent to cause physical harm to another, and he argues that the indictment in this case could not be construed as encompassing that form of simple battery because it did not expressly allege any intent component at all. He further contends that because the jury returned a general verdict, it may have convicted him of involuntary manslaughter predicated upon simple battery under OCGA § 16-5-23 (a) (2), and thus he may have been convicted of a crime not embraced by the indictment and of which he did not have sufficient notice prior to trial.

We are unpersuaded. "[T]he failure to allege intent is not fatal where the . . . indictment employs language that necessarily raises an inference that the requisite criminal intent existed." *State v. Harris*, 292 Ga. App. 211, 212 (663 SE2d 830) (2008). See, e.g., *Harris v. State*, 258 Ga. App. 669, 670-672 (1) (574 SE2d 871) (2002) (omission of the word "knowingly" from drug trafficking charge did not void the indictment); *Hammock v. State*, 201 Ga. App. 614, 615-616 (1) (b) (411 SE2d 743) (1991) (failure to expressly allege criminal intent of child molestation did not void count where intent could be inferred "[f]rom the indictment as a whole"); *Frost v. State*, 200 Ga. App. 267, 267-269 (2) (407 SE2d 765) (1991) (use of the word "unlawfully" instead of "knowingly" in arson charge did not render the indictment void). And we have held that an allegation in an indictment "that the offensive use of fists . . . resulted in bodily injury" is sufficient to allege the essential elements of simple battery. See *Buchanan v. State*, 173 Ga. App. 554, 555 (4) (327 SE2d 535) (1985). Cf. *Beals v. State*, 288 Ga. App. 815, 816 (1) (655 SE2d 687) (2007) (indictment was not defective for failure to expressly allege specific intent to commit a theft in armed robbery count because intent was "necessarily inferred from the allegation of the use of an offensive weapon to accomplish the taking").

In the present case, the indictment alleged that Morris "cause[d] the death of [the victim] . . . by striking [the victim] with his fist . . . contrary to the laws of said State, the good order, peace and dignity thereof." We have no trouble concluding that this language alleged "an offensive use of the fists [that] resulted in bodily injury," *Buchanan*, 173 Ga. App. at 554 (4), and thus sufficiently alleged all of the essential elements of simple battery.[3] Accordingly, the lesser

---

[3] Morris relies upon *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995), which held that an indictment charging aggravated assault was fatally defective because it merely alleged that the defendant placed his hands around the victim's neck and used his hands to apply pressure to her neck contrary to the law. In contrast, the language in the indictment here is stronger because it alleges that Morris caused the victim's death by striking the victim with

offense of involuntary manslaughter in the commission of the unlawful act of simple battery was included as a matter of fact in the charged greater offense of voluntary manslaughter. It follows that the trial court committed no error in allowing the State to amend the indictment to charge involuntary manslaughter rather than voluntary manslaughter.

3. In a separate enumeration of error, Morris argues that the indictment was void for failure to allege the essential element of intent. "[I]t is immaterial what the offense is called in the indictment as long as the averments of the presentment are such as to describe an offense against the laws of the [S]tate." (Punctuation and footnote omitted.) *Doe v. State*, 306 Ga. App. 348, 350 (1) (702 SE2d 669) (2010). See *State v. Eubanks*, 239 Ga. 483, 484 (238 SE2d 38) (1977) (indictment not fatally defective where it named the crime as "theft by deception" but alleged facts that constituted theft by conversion); *Hill v. State*, 257 Ga. App. 82, 84 (1) (570 SE2d 395) (2002) ("It is the description of the crime, rather than the description and number of the section under which it appears in the Code which furnishes the criterion for determining whether the indictment is good.") (citation and punctuation omitted). As explained in Division 2, the factual allegations in the indictment in the instant case sufficiently described the offense of involuntary manslaughter in the commission of the unlawful act of simple battery. Consequently, the indictment was not void.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 17, 2011.

*Gerard B. Kleinrock*, for appellant.

*R. Javoyne Hicks White, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

his fist, while acting as a result of a sudden, violent, and irresistible passion resulting from serious provocation, contrary to the law. See *Beals*, 288 Ga. App. at 816 (1) (distinguishing *Smith*).