**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**October 29, 2012**

# In the Court of Appeals of Georgia

A12A1566. MARTINEZ v. THE STATE.

RAY, Judge.

A jury convicted Cornell Elijah Martinez one count of armed robbery,[1] one count of burglary,[2] and six counts of false imprisonment.[3] After a hearing, the trial court denied Martinez's motion for a new trial. Martinez appeals, contending that the trial court erred because after granting a motion for directed verdicts of acquittal on six kidnapping charges, it allowed the jury to consider the lesser included charges of false imprisonment. Martinez also enumerates as error the trial court's statement that,

---

[1] OCGA § 16-8-41.

[2] OCGA § 16-7-1.

[3] OCGA § 16-5-41 (a).

because of limited space, the public would be excluded from the courtroom during voir dire. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[4] the evidence shows that on February 2, 2007, two masked men accosted Pineda-Orrozquieta at gunpoint outside his home and demanded money and drugs. After entering his home, the men forced Pineda-Orrozquieta into a rear bedroom along with his pregnant wife, young daughter, and a co-worker. Pineda-Orrozquieta and his co-worker were forced to kneel on the floor, and their hands were bound with shoelaces and the cable of a cell phone charger. Pineda-Orrozquieta also saw two additional intruders in another bedroom tying the hands of his brother-in-law and a friend. The intruders forced Pineda-Orrozquieta and his co-worker into the kitchen and interrogated them about the location of the alleged money and drugs. When officers from the Norcross Police Department arrived in response to 911 calls placed by Pineda-Orrozquieta's wife, they apprehended the four intruders. Police found Martinez in the rear bedroom attempting to flee from a window. He was wearing gloves and a ski mask, and was in possession of a 9mm handgun. Martinez admitted he entered Pineda-Orrozquieta's

---

[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). Martinez does not contest the sufficiency of the evidence supporting the verdict.

2

home, but testified that he went to buy cocaine rather than to participate in an armed robbery.

Martinez was tried, along with two of his co-defendants, in January 2009. At trial, after the State rested, Martinez moved for a directed verdict on the six kidnapping counts. The trial court granted the motion, but charged the jury on the lesser included offense of false imprisonment as to each count over Martinez's objection.

1. Martinez contends that the trial court erred in allowing the jury to consider the lesser included offense of false imprisonment after granting a directed verdict on the kidnapping charges. Specifically, he argues that a directed verdict may only be granted as to the "entire offense," thus making lesser included offenses "moot." We find no error.

A trial court, pursuant to OCGA § 17-9-1 (a), may grant a directed verdict

> [w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense, the court may direct the verdict of acquittal to which the defendant is entitled under the evidence and may allow the trial to proceed only as to the counts or offenses remaining, if any.

Where a directed verdict has been granted on one charge, as in the instant case, our appellate courts have upheld a trial court's decision to allow the jury to consider a lesser included offense. In one similarly postured case, our Supreme Court determined that "[t]he trial court did not commit error by charging the jury on a lesser included offense of simple battery after it had directed a verdict on the charge of aggravated assault."[5] Similarly, when the trial court "ruled that the evidence was insufficient to convict [the defendant] of felony obstruction of an officer . . . [and] let the case go to the jury on the lesser included offense of misdemeanor obstruction of an officer," of which the defendant was convicted, this Court upheld that conviction.[6]

Significantly, an indictment encompasses all lesser included offenses of the charged offense.[7] This is true even if, as here, the lesser included offense is not charged in the indictment, so long as the charge on the greater offense contains "all

---

[5] (Citation omitted.) *Clarke v. State*, 239 Ga. 42, 43 (1) (235 SE2d 524) (1977).

[6] *Williams v. State*, 196 Ga. App. 154, 155-156 (1) (395 SE2d 399) (1990).

[7] *Morris v. State*, 310 Ga. App. 126, 129 (2) (712 SE2d 130) (2011).

essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser."[8]

Here, false imprisonment is a lesser included offense in kidnapping,[9] and the indictment against Martinez contains all the essential elements related to false imprisonment. Pursuant to OCGA § 16-5-41 (a), "[a] person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." The indictment's kidnapping counts, in pertinent part, all provide that Martinez held the victims against their will and without lawful authority. Thus, "if an offense is a lesser included offense as a matter of law or fact, an accused can be convicted of that offense even if the trial court directs a verdict on the offense expressly charged in the indictment."[10]

---

[8] (Citation and punctuation omitted.) *Tuggle v. State*, 145 Ga. App. 603 (1) (244 SE2d 131) (1978); OCGA § 16-1-6 (a).

[9] *Stovall v. State*, 216 Ga. App. 138, 141 (5) (453 SE2d 110) (1995).

[10] (Citation omitted.) *Morris*, supra, citing *Clarke*, supra.

5

*Thomas v. State*,[11] the sole case Martinez cites in support of this proposition, exclusively addresses a situation in which the defendant's motion for a directed verdict had been denied, rather than granted as in the instant case. *Thomas* is distinguishable in that this Court was addressing only the question of whether a motion for directed verdict as to the "entire offense"–i.e., both the greater and lesser included offenses–could be denied if sufficient evidence existed to convict defendant of the lesser offense.[12] In *Thomas*, the defendant was charged with malice murder, but convicted of the lesser included offense of manslaughter, and this Court concluded that in such an instance, a directed verdict as to the "entire offense" was inappropriate.[13] Here, Martinez presents a different question, namely, whether a court may grant a directed verdict on only the greater offense, and allow the lesser offense to go to the jury. This Court in *Williams*,[14] and our Supreme Court in *Clarke*,[15] already

---

[11] 184 Ga. App. 131 (361 SE2d 21) (1987).

[12] Id. at 131-132 (1).

[13] Id. at 131 and 132 (1).

[14] Supra.

[15] Supra.

6

answered that question in the affirmative. As *Thomas* does not reach that question, it is inapt.

To the extent that Martinez is attempting to argue that the trial court erred in denying him a directed verdict on the false imprisonment charges, we note that it is well-settled that when a defendant claims the trial court erred in denying his motion for a directed verdict, there is no ground for appeal so long as the evidence was sufficient to convict the defendant of the lesser included offense.[16] Although Martinez does not contest the sufficiency of the evidence to support the verdict, upon an examination of the record, we find the evidence sufficient to sustain each of the false imprisonment convictions.[17]

2. Martinez contends that the judgment against him should be reversed because the trial court erred when it indicated that spectators would need to be excluded from

---

[16] See generally *Judice v. State*, 308 Ga. App. 229, 231 (1) (707 SE2d 114) (2011) (where defendant was not convicted on the greater charge but was found guilty of a lesser included offense, the issue of whether the trial court erred in denying a motion for directed verdict of acquittal on the greater charge is moot).

[17] See *Brabham v. State*, 240 Ga. App. 506, 506 (1) (b) (524 SE2d 1) (1999) (victim testimony that defendant forced him at gunpoint to sit and remain on floor while defendant took painkillers from pharmacy shelves sufficient to sustain conviction for false imprisonment, even where jury acquitted defendant of kidnapping).

7

the courtroom during voir dire because of limited space. He argues that the trial court failed to consider alternatives to closure, such as dividing the jury venire panel.

Specifically, the trial court noted that there were 58 potential jurors, and that

every available seat basically is taken up . . . [s]o spectators are not going to be in here to watch voir dire. Spectators can come back in to watch the actual strike of the jury because by then I think the panel will be small enough that we would have spectator seating room. And of course, for the remainder of the trial and the trial itself with the jury selected, spectators are free to be in here.

Martinez concedes that he never objected to the trial court's statement at any point during voir dire. Nor did Martinez raise this issue in his motions for a new trial. Further, on appeal, Martinez never asserts, nor does he cite to any portion of the record indicating, that spectators actually were barred from or sent out of the courtroom. Our review of the record also does not show that any spectators were actually asked to leave or were denied entry during general voir dire.

Both the United States Constitution and the Georgia Constitution guarantee all criminal defendants the right to a public trial, and this right extends to voir dire of

8

prospective jurors.[18] However, a defendant's failure to object to the closure of a courtroom waives his right to a public trial.[19] Further, we will not consider constitutional issues not raised below.[20] This enumeration, as crafted, cannot prevail.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[18] U. S. Const., Amend. VI; 1983 Ga. Const., Art. I, Sec. I, Para. XI (a); *Presley v. Georgia*, 588 U. S. 209, __ (130 SC 721, 724-725, 175 LE2d 675) (2010) (where defendant objected to closure of courtroom, trial court is required to consider alternatives to closure).

[19] *Reid v. State*, 286 Ga. 484, 488 (3) (c) (690 SE2d 177) (2010) (improper courtroom closing is structural error requiring reversal only if defendant properly objected at trial and raised the issue on direct appeal). See also *State v. Abernathy*, 289 Ga. 603, 611 (5) (715 SE2d 48) (2011) (absent an objection at trial, the issue of courtroom closure may be raised only via an ineffective assistance of counsel claim).

[20] See *Gordian v. State*, 261 Ga. App. 75, 77 (3) (581 SE2d 616) (2003).